DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Kristen Snowberger ("Kristen") has appealed from the judgment of the Summit County Court of Common Pleas that ordered her to turn over custody and possession of her four children to their father, Appellee Mark A. Wesley, Sr. ("Mark"). This Court reverses.
 I {¶ 2} Mark and Kristen were married in May 1990 in the state of Maryland. Four children were born during the marriage. In July 2000, the parties separated and Kristen moved to Ohio while the children remained with Mark in Maryland. In March 2002, Kristen filed for divorce in the Summit County Court of Common Pleas, Domestic Relations Division ("Summit County Domestic Relations Court"). On July 10, 2002, the court granted the parties a divorce and named Mark the residential parent and legal custodian of the children. Mark registered the Ohio divorce decree in Maryland and Kristen was ordered to pay child support.
 {¶ 3} On September 19, 2002 Kristen filed a motion for reallocation of parental rights in the Summit County Domestic Relations Court. On May 12, 2003, the court granted custody of the children to Kristen ("Ohio Custody Order"). She filed the Ohio Custody Order in Maryland, procured the help of law enforcement officials to take possession of the children, and then escorted them back to Ohio.
 {¶ 4} Subsequently, Mark filed an emergency motion in the Circuit Court for Cecil County, Maryland. The Maryland court determined that it had exclusive jurisdiction over the matter and granted custody to Mark ("First Maryland Custody Order"). Mark then filed a motion in the Summit County Domestic Relations Court requesting that the court waive its jurisdiction, register the First Maryland Custody Order, and grant him immediate custody of the children.
 {¶ 5} On December 10, 2003, the Ohio court granted Mark's request and concluded that it lacked jurisdiction to rule on the custody matter. Kristen appealed that decision to this Court, asserting error to the court's determination that it lacked subject matter jurisdiction to determine custody of the children. On September 1, 2004, this Court reversed the judgment of the trial court, concluding, among other things, that the trial court abused its discretion in finding that it lacked jurisdiction.Snowberger v. Wesley, 9th Dist. No. 21866, 2004-Ohio-4587, at ¶ 15.
 {¶ 6} Specifically, we found that, pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA") and the Parental Kidnapping Protection Act ("PKPA"), the Ohio court had exclusive and continuing jurisdiction of the custody matter because it issued the original divorce decree. We specifically refrained from determining whether the trial court could choose to waive jurisdiction.
 {¶ 7} On November 9, 2004, the trial court issued an order ("Ohio Waiver Order") which held that the court had jurisdiction when it issued the Ohio Custody Order, and therefore the order was valid and enforceable. However, the trial court waived further exercise of its jurisdiction regarding the custody matter.
 {¶ 8} Mark immediately filed a "request for reissuance of custody order" in Maryland. On December 2, 2004, the Maryland trial court conducted an ex parte hearing on Mark's motion.[1] That same day, the Maryland court accepted jurisdiction, gave full faith and credit to, and modified the Ohio Custody Order to grant custody to Mark due to a change in circumstances ("Second Maryland Custody Order").
 {¶ 9} On December 6, 2004 Kristen appealed to this Court the Ohio Waiver Order, which had waived the Ohio court's jurisdiction. She also sent a letter to the Maryland Circuit Court Judge Dexter M. Thompson in which she requested the court revisit the Second Maryland Custody Order. The Maryland Court of Special Appeals construed this letter as a "motion to alter or amend."[2] Additionally, on December 28, 2004, Kristen appealed the Second Maryland Custody Order to the Maryland Court of Special Appeals.
 {¶ 10} On July 20, 2005, this Court affirmed the Ohio Waiver Order. On August 4, 2005, Mark filed a "notice of registering foreign order" and attempted to register the Second Maryland Custody Order in Ohio. On October 3, 2005, the Maryland Court of Special Appeals dismissed Kristen's appeal of the Second Maryland Custody Order. In its opinion, the court held that because Kristen's motion to amend or alter the Second Maryland Custody Order was still pending at the time she appealed the same order, the order lost its finality and consequently became non-appealable.
 {¶ 11} On October 6, 2005, Mark filed a motion in the Summit County Domestic Relations Court that requested custody of his children. On October 11, 2005, the Summit County Domestic Relations court, pursuant to the Second Maryland Custody Order, granted Mark's motion ("Second Ohio Custody Order"). On October 13, 2005, Kristen filed an opposition to Mark's motion.
 {¶ 12} Kristen filed a motion for relief from judgment on October 24, 2005. Kristen has timely appealed the Second Ohio Custody Order, asserting three assignments of error. We will address Kristen's assignments of error out of order to facilitate our review.
 II Assignment of Error Number Three
"THE TRIAL COURT ERRED IN RENDERING ITS OCTOBER 11, 2005 ORDER."
 {¶ 13} In her third assignment of error, Kristen has argued that the trial court erred when it ordered her to turn over custody and possession of her four children to Mark pursuant to the Second Maryland Custody Order registered in Ohio on August 4, 2005. We agree.
 {¶ 14} In handing down the Second Ohio Custody Order, the trial court gave full faith and credit to the Second Maryland Custody Order. The decision to give full faith and credit to another state's judgment is a legal question. Rice v. Flynn,
9th Dist. No. 22416, 2005-Ohio-4667, at ¶ 28. This Court reviews legal questions de novo. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108. "A de novo review requires an independent review of the lower court's decision without deference to that court's decision." Rice at ¶ 28, citing Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 15} Pursuant to the PKPA, a state court is precluded from exercising jurisdiction in a proceeding relating to a child custody determination while there is a pending proceeding in a court of another state where said court is exercising jurisdiction to make a custody determination.28 U.S.C.A. 1738A(g). The statute defines "custody determination" as "a judgment, decree, or other order of a court providing for the custody of a child, and includes permanent and temporary orders, and initial orders and modifications[.]" 28 U.S.C.A. 1738A(b)(3). Further, the Ohio State Supreme Court has held that "[w]here [a] state complies with the jurisdictional requirements under state law and under the PKPA, its orders are entitled to full faith and credit by any other state." (Emphasis added). Justis v.Justis (1998), 81 Ohio St.3d 312, 318.
 {¶ 16} In the instant matter, the Second Maryland Custody Order on which the Summit County Domestic Relations Court relied on was issued by a foreign court while Ohio was exercising jurisdiction to make a custody determination. As such, the Maryland court did not comply with the PKPA and Maryland state law in issuing the Second Maryland Custody Order. Therefore, the Second Maryland Custody Order was not entitled to full faith and credit by the Summit County Domestic Relations Court.
 {¶ 17} In so holding, this Court must answer two important questions. First, we must answer whether there was a "pending proceeding" in Ohio at the time the Maryland court exercised its jurisdiction to make a custody determination. Second, we must answer whether the "pending proceeding" was itself a proceeding where an Ohio court was exercising its jurisdiction to make a custody determination. We answer both questions in the affirmative. Accordingly, we find that the Maryland court prematurely assumed jurisdiction and improperly modified the Ohio Custody Order.
Pending Proceeding
 {¶ 18} The record establishes that on December 2, 2004, the Circuit Court for Cecil County, Maryland gave full faith and credit to the Ohio Custody Order. Pursuant to the Ohio court's waiver of jurisdiction included in the Ohio Waiver Order, the Maryland court assumed jurisdiction and modified the Ohio Custody Order to give legal and physical custody of the children to Mark.
 {¶ 19} However, this action was taken while there was still a pending proceeding in Ohio. Pursuant to Ohio App.R. 4(A), a party has thirty days in which to file an appeal. The Ohio Waiver Order was issued on November 9, 2004. Accordingly, Kristen had thirty days in which to file her notice of appeal with this Court; which she did on December 6, 2004. On November 18, 2004 Mark filed his "request of reissuance of custody order" in Maryland. The Maryland court held a hearing and issued the Second Maryland Custody Order on December 2, 2004, one week before Kristen's time to appeal had run.
 {¶ 20} The Ohio State Supreme Court has held that a case is pending "at least until the entry of final judgment by a court of appeals considering the case upon an appeal of right." VanFossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 104, superseded on other grounds by R.C. 2745.01. Further, the term "pending" may include actions in which a lower court has issued a final judgment, but from which an appeal has not yet been taken. See John Ken Alzheimer's Ctr. v. Ohio Cert. of Need Review Bd.
(1989), 65 Ohio App.3d 134, 138, citing Hupp v. Hock-Hocking Oil Natural Gas Co. (1913), 88 Ohio St. 61, 66-71.
 {¶ 21} Based on the foregoing, we find that as of December 2, 2004, there was a pending proceeding in Ohio, namely, Kristen's appeal of right concerning the Ohio Waiver Order.
Custody Determination
 {¶ 22} Under the PKPA, for a state court to be precluded from exercising jurisdiction over a custody matter, the pending proceeding in another state must be regarding the making of a custody determination. See 28 U.S.C.A. 1738A(g). Maryland has adopted a similar law. See MD Code, Family Law, § 9.5-206 (stating "a court of this State may not exercise its jurisdiction * * * if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction[.]").
 {¶ 23} MD Code, Family Law, § 9.5-206[3] was put into effect October 1, 2004, and was the controlling statutory framework when Mark filed his motion for reissuance in November of 2004. Under Md. F.L. 9.5-206, Maryland courts are precluded from exercising jurisdiction over a custody matter if a "proceeding concerning the custody of [a] child has been commenced in a court of another state[.]" Because it is clear to us that the proceedings surrounding the Ohio Waiver Order were "concerning the custody" of Kristen and Mark's children, we find that the Maryland court violated MD Code, Family Law, § 9.5-206 when it issued the Second Maryland Custody Order. Therefore, we find it necessary to discuss in detail only the nature of the proceedings under the PKPA's definition of "custody determination."
 {¶ 24} The PKPA defines a custody determination as a judgment of a court which provides for the custody of a child.28 U.S.C.A. 1738A(b)(3). The Ohio Waiver Order was a "custody determination" because it affirmed the Ohio Custody Order, which had provided for the custody of the children to Kristen. In the Ohio Waiver Order, the Summit County Domestic Relations Court found the Ohio Custody Order to be valid and enforceable, and thus it constituted a custody determination under28 U.S.C.A. 1738A(b)(3).
 {¶ 25} This Court finds that the proceedings surrounding the Ohio Waiver Order, up to and including the final disposition by this Court constituted a proceeding where the court was "exercising jurisdiction * * * to make a custody * * * determination." 28 U.S.C.A. 1738(A)(g).
Due Process and Equal Protection
 {¶ 26} Kristen has also argued that the Second Ohio Custody Order violated her rights to due process and equal protection of the law. We find that these arguments have been made moot by the above analysis, and we therefore decline to address them.
Conclusion
 {¶ 27} Because the Circuit Court for Cecil County, Maryland failed to comply with Maryland state law and the PKPA by exercising jurisdiction while there was a pending proceeding in Ohio, we find that the Second Maryland Custody Order was improperly issued and not entitled to full faith and credit. Accordingly, the Summit County Domestic Relations Court erred when it issued the Second Ohio Custody Order granting Mark custody in reliance on the Second Maryland Custody Order.
 {¶ 28} Kristen's third assignment of error has merit.
 Assignment of Error Number One
"THE TRIAL COURT ERRED IN NOT GIVING FULL FAITH AND CREDIT TO THE MARYLAND COURT OF SPECIAL APPEALS DECISION."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN MAKING A PARENTING DETERMINATION WHEN THERE WAS A `PENDING PROCEEDING' IN ANOTHER STATE."
 {¶ 29} This Court need not address assignments of error that have been made moot by a ruling on another assignment of error. App.R. 12(A)(1)(c). Given our disposition of Kristen's third assignment of error, we decline to address her remaining assignments of error. See State v. McCarley, 9th Dist. No. 22562, 2006-Ohio-1176, at ¶ 20.
 III {¶ 30} Kristen's third assignment of error is sustained. This Court declines to review Kristen's remaining assignments of error. See App.R. 12(A)(1)(c). The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Slaby, P.J. concurs.
[1] Kristen claims that she did not receive notice of the hearing until December 4, 2004. According the Maryland Court of Special Appeals' opinion filed October 2, 2005, notice of the hearing was issued to Kristen on November 19, 2004. However, in a footnote, the Maryland court conceded that a copy of the court's assignment notice was not contained in the record.
[2] See Snowberger v. Wesley (Oct. 3, 2005), Md. Ct. Spec. App. No. 2394 at 11, fn. 9.
[3] The Maryland Uniform Child Custody Jurisdiction and Enforcement Act.