DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Ohio State Home Services, Inc., and Appellees/Cross-Appellants, Damon and Holly Brunke, appeal from the judgment of the Lorain County Court of Common Pleas. This Court reverses.
 I. {¶ 2} On March 20, 2004, Appellant/Cross-Appellee, Ohio State Home Services, Inc. ("OSHS"), entered into an agreement with Appellees/Cross-Appellants, Damon and Holly Brunke ("the Brunkes"), to provide waterproofing services at the Brunkes' home. *Page 2 
 {¶ 3} The Brunkes claim that on or about March 29, 2004, OSHS unilaterally cancelled the March 20, 2004 agreement. They contend that on July 10, 2004, OSHS induced them to sign an "addendum" to the March 20, 2004 contract. The Brunkes allege that, in contrast to the March 20, 2004 contract, the July 10, 2004 addendum contained an arbitration clause. The Brunkes further allege that, after OSHS collected $6000 from them, Conner Electrical Services, Inc. ("Conner") informed them that their electrical system was insufficient and that the waterproofing would be useless without an electrical upgrade. Conner estimated that the upgrade would cost more than $2000.
 {¶ 4} On June 15, 2005, the Brunkes filed a complaint against OSHS, Argent Mortgage Co., LLC, Ronald Leonhardt, Jr., Crosscountry Mortgage, Inc., Ameriquest Mortgage Company and Conner. The complaint alleged several causes of action arising under the Ohio Consumer Sales Practices Act and the Truth in Lending Act for unfair, deceptive and unconscionable acts and practices.
 {¶ 5} On July 14, 2005, OSHS filed a motion to stay and compel arbitration. In its motion, OSHS relied on the following term contained in the July 10, 2004 contract:
 "Any controversy or claim whether in contract or in tort arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration before the American Arbitration Association, in accordance with the construction industry rules of the A.A.A. and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof." *Page 3 
The motion specifically requested that the trial court dismiss the complaint, or stay the proceedings and order arbitration based on the arbitration provision contained in the July 10, 2004 contract signed by the Brunkes.
 {¶ 6} On July 28, 2005, the Brunkes filed a brief in opposition to the motion. In their brief, the Brunkes specifically asserted the following: (1) that they had not agreed to arbitration, (2) the arbitration clause was unconscionable, (3) the contract in which the arbitration clause was found was illegal, (4) the contract had been rescinded, (5) many of the claims against OSHS arose before the existence of the July 10, 2004 arbitration provision presented in the motion and (6) the arbitration clause violated principles of equity. The Brunkes also requested an oral hearing.
 {¶ 7} On February 23, 2006, OSHS filed a reply brief alleging that the Brunkes had agreed to the arbitration provision contained on the reverse side of the July 10, 2004 contract and that the arbitration provision was neither procedurally nor substantively unconscionable.
 {¶ 8} On May 18, 2006, the trial court granted in part and denied in part OSHS's motion to stay and compel arbitration. The trial court did not hold a hearing on the parties' motions. Both parties timely appealed the trial court's order. After OSHS filed its notice of appeal, it filed a proposed statement of evidence pursuant to App.R. 9(C). The Brunkes objected to the statement, arguing that the information had never been presented to the trial court. The trial court *Page 4 
rejected OSHS's statement of evidence. The trial court granted OSHS's motion to stay proceedings during the pendency of the appeal.
 II. APPELLEES/CROSS-APPELLANTS' ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN VIOLATION OF O.R.C. 2711.01 AND 2711.03, WHEN IT GRANTED [OSHS'] MOTION TO COMPEL ARBITRATION WITHOUT HOLDING A HEARING, WHERE [THE BRUNKES] HAD CONTESTED THE VALIDITY OF THE ARBITRATION PROVISION."
 {¶ 9} In their sole assignment of error, the Brunkes contend that the trial court erred in violation of R.C. 2711.01 and 2711.03 when it granted OSHS's motion to compel arbitration without holding a hearing, where the Brunkes had contested the validity of the arbitration provision. We agree.
 {¶ 10} When addressing whether a trial court has properly granted or denied a motion to stay proceedings and compel arbitration, the standard of review is abuse of discretion. Carter Steel Fabricating Co. v.Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254; Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Questions of law, however, are reviewed under a de novo standard of review. George FordConstr., Inc. v. Hissong, 9th Dist. No. 22756, 2006-Ohio-919, at ¶ 6. *Page 5 
 {¶ 11} Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. Maestle v.Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, at ¶ 14. A party may choose to move for a stay, petition for an order to proceed to arbitration, or seek both. Id. at ¶ 18. In Maestle, the Supreme Court of Ohio noted that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures which serve different purposes. Id. at ¶ 17.
 {¶ 12} Regarding a motion for a stay of proceedings, the trial court is required, pursuant to R.C. 2711.02, to assess the arbitrability of the action pending in court, and "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall * * * stay the trial of the action until arbitration of the issue has been had in accordance with the agreement[.]" R.C. 2711.02(B). However, an arbitration clause may be found to be unenforceable on grounds existing at law or in equity for the revocation of a contract. R.C. 2711.01(A); Pinette v. Wynn'sExtended Care, Inc., 9th Dist. No. 21478, 2003-Ohio-4636, at ¶ 7.
 {¶ 13} With respect to a motion to compel arbitration, R.C. 2711.03(B) provides that "[i]f the making of the arbitration agreement or the failure to perform it is in issue * * *, the court shall proceed summarily to the trial of that issue." *Page 6 
"Accordingly, the trial court must make a determination as to the validity of the arbitration clause." Harrison v. Toyota Motor Sales,U.S.A., Inc. (Apr. 10, 2002), 9th Dist. No. 20815, at *2, citingReynolds v. Lapos Constr., Inc. (May 30, 2001), 9th Dist. No. 01CA007780, at *2, quoting ABM Farms, Inc. v. Woods, 81 Ohio St.3d 498,501, 1998-Ohio-612; See, also, R.C. 2711.03(B).
 {¶ 14} If the clause is vague, and thus lacking specifics regarding the arbitration procedure, "the trial court is not warranted in sending the case into * * * unchartered waters" without affording the parties an opportunity to conduct discovery relating to the validity of the clause.Harrison, supra, at *2. See, also, Giltner v. Mitchell, 9th Dist. No. 21039, 2002-Ohio-5771, at ¶ 15 (clarifying the decision inHarrison by recognizing that discovery is required only in instances when an arbitration provision is devoid of specific details). In the instant case, the Brunkes did challenge the validity of the clause in the trial court, asserting that they did not agree to the arbitration provision and that the provision is unconscionable and thus unenforceable.
 {¶ 15} The Supreme Court in Maestle held that a trial court, in disposing of a motion to stay proceedings pending arbitration pursuant to R.C. 2711.02, is not required to hold a hearing pursuant to R.C.2711.03. Maestle, supra, at ¶ 19. R.C. 2711.02(B) states in pertinent part:
 "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for *Page 7 
arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement[.]"
 {¶ 16} The Court stated that R.C. 2711.02 does not on its face require a hearing, and therefore, the Court refused to read into this section an implicit requirement for a hearing on a motion to stay proceedings.Maestle at ¶ 19. However, R.C. 2711.03(A) specifically provides that
 "[t]he court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement." (Emphasis added.)
Pursuant to the plain language of R.C. 2711.03(A), a trial court is required to hold a hearing on a motion to compel arbitration. Eagle v.Fred Martin Motor Co. et al, 157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 20; Boggs Custom Homes, Inc. v. Rehor, 9th Dist. No. 22211,2005-Ohio-1129, at ¶ 16; Pyle v. Wells Fargo Financial, et al, 10th Dist. No. 04AP-6, 2004-Ohio-4892, at ¶ 14; See Maestle, supra, at ¶ 19. The record reflects that the trial court did not hold a hearing on the motion to compel.
 {¶ 17} In Eagle, this Court held that the trial court did not properly dispose of a motion to compel arbitration because the court failed to hold a hearing before ruling on the motion. However, we did not reverse the trial court's decision because of the unique facts of the case. We explained that "we [felt] that at this point in this particular case it is unnecessary to hold a hearing on the matter." *Page 8 Eagle, supra, at ¶ 23. We relied on the fact that the trial court afforded the parties the opportunity to conduct discovery and brief the issue of the validity of the arbitration clause. Id. at ¶ 22.
 {¶ 18} Here, the record reflects that on February 10, 2006, the Brunkes filed a motion to compel discovery. Thereafter, on April 12, 2006, the Brunkes filed a motion for extension of time to complete discovery in which they asserted that OSHS "refused to be subject to discovery until a ruling has been made on its motion to stay and compel arbitration." The trial court's May 18, 2006 order reflects that it did not afford the parties the opportunity to complete discovery prior to issuing its order regarding the motion to stay and the motion to compel arbitration:
 "As to the various pleadings filed regarding discovery in this matter, this Court finds that discovery is to proceed in this case for all matters other than the performance of the July 10, 2004 contract by Plaintiffs and Defendant Ohio State Home Services, Inc. The discovery and determination regarding the issues of the parties' performance of the July 10, 2004 contract are to be completed outside of this Court's control in accordance with the applicable rules set forth by the American Arbitration Association." *Page 9 
 {¶ 19} OSHS cites Liese v. Kent State Univ., 11th Dist. No. 2003-P-0033, 2004-Ohio-5322, in support of its contention that "some courts" have found that the hearing[1] requirement set forth in R.C.2711.03(A) is satisfied when the parties have briefed the issues regarding arbitrability. We are not bound by Liese, and find it to be distinguishable from the within matter. In Liese, the trial court noted that the appellant had failed to request a hearing. The court found that "while a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request." Id. at ¶ 43, citing Cross v. Carnes (1998), 132 Ohio App.3d 157, 166. Consequently, the court found that "the trial court did not err by failing to conduct an oral hearing on his claim because the issue was never before the court." Id. The Liese court further held that the trial court did not err in failing to hold a hearing because the parties moved for summary judgment. The Eleventh District Court of Appeals reasoned that, by moving for summary judgment, the appellant waived his right to an oral hearing. Id. at ¶ 44. The court elaborated, explaining that "only a party which raises a *Page 10 
material issue of fact as to whether there was an enforceable and applicable arbitration provision is entitled to an actual trial[.]" Id. at ¶ 39, citing Ison v. State Farm Mut. Auto. Ins. Co.,148 Ohio App.3d 465, 2002-Ohio-3762, at ¶ 36.
 {¶ 20} Here, the trial court did not hold a hearing on the motion, despite the Brunkes' request for one. Further, unlike in Liese, the Brunkes did not move for summary judgment before the trial court ruled on the motion to stay and compel arbitration. The record reflects that the Brunkes raised a genuine issue of material fact as to whether there was an agreement to arbitrate and contested whether the arbitration provision was unconscionable and therefore unenforceable. In their brief in opposition to the motion to stay and to compel arbitration, the Brunkes asserted that they were not informed that there was a back side to the addendum. They further alleged that they were not given the opportunity to read the back of the addendum and that the OSHS employee did not mention that the addendum had a back side or that there was an arbitration provision in the addendum. Accordingly, we find that the trial court erred in failing to hold a hearing. See Barar v. HCF,Inc., 12th Dist. No. 2005-02-008, 2005-Ohio-6040, at ¶¶ 20-22. The Brunkes' sole assignment of error is sustained.
 APPELLANT/CROSS-APPELLEE'S ASSIGNMENT OF ERROR I "WHETHER THE TRIAL COURT ERRED BY DENYING IN PART APPELLANT/CROSS-APPELLEE'S MOTION TO STAY AND COMPEL ARBITRATION?" *Page 11 
 APPELLANT/CROSS-APPELLEE'S ASSIGNMENT OF ERROR II "WHETHER THE TRIAL COURT ERRED BY REFUSING TO APPROVE THE STATEMENT OF EVIDENCE PREPARED BY APPELLANT/CROSS-APPELLEE PURSUANT TO APP.R. 9(C)?"
 {¶ 21} In light of our disposition of the Brunkes' assignment of error, OSHS's assigned errors have been rendered moot. App.R. 12(A)(1)(c); See State v. McCarley, 9th Dist. No. 22562, 2006-Ohio-1176, at ¶ 20.
 III. {¶ 22} The Brunkes' sole assignment of error is sustained. We decline to address OSHS's assignments of error as they are moot. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 12 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
CARR, P. J. DICKINSON, J. CONCUR
[1] The Eleventh District Court of Appeals set forth the following definition of "hearing":
 "A `hearing' means any confrontation, oral or otherwise, between an affected individual [and a decisionmaker] sufficient to allow the individual to present the case in a meaningful manner. Hearings may take many forms, including a `formal,' trial-type proceeding, an `informal discuss(ion)' * * *, or a `paper hearing,' without any opportunity for oral exchange." Liese, supra, at fn. 6, quoting Gray Panthers v. Schweiker (C.A.D.C., 1980), 652 F.2d 146, fn. 3. *Page 1