[Cite as *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465.]

MAESTLE ET AL., APPELLEES AND CROSS-APPELLANTS, *v*. BEST BUY COMPANY
ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as *Maestle v. Best Buy Co.,* **100 Ohio St.3d 330, 2003-Ohio-6465.**]

*Civil procedure — Trial court considering whether to grant a motion to stay*
*proceedings pending arbitration filed under R.C. 2711.02 need not hold*
*a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C.*
*2711.03.*

(No. 2002-1674 — Submitted September 16, 2003 — Decided December 24,
2003.)

CERTIFIED by the Court of Appeals for Cuyahoga County, No. 79827, 2002-Ohio-
3769.

_____

SYLLABUS OF THE COURT

A trial court considering whether to grant a motion to stay proceedings pending
arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to
R.C. 2711.03 when the motion is not based on R.C. 2711.03.

_____

ALICE ROBIE RESNICK, J.

I

**{¶1}** Plaintiffs Shawn W. Maestle and Bonnie Simons are the
prospective class representatives in a lawsuit filed against defendants Best Buy
Company, Inc., Best Buy Stores, L.P., and Bank One, N.A. Through a complaint
and two amended complaints, plaintiffs alleged that they were improperly
assessed certain finance and interest charges on Best Buy credit cards issued by
Bank One. Plaintiffs requested certification of a class on their claims.

**{¶2}** Defendants contend that plaintiffs are required to arbitrate the dispute under a change-in-terms provision regarding the credit cards, and defendants therefore moved for a stay of proceedings. This motion was based on both R.C. 2711.02 and Section 3 of the Federal Arbitration Act (Section 3, Title 9, U.S.Code), which are similar. R.C. 2711.02(B) authorizes a trial court to grant a stay of court proceedings until an arbitration "has been had" when a party, upon application, demonstrates to the court's satisfaction that an issue in dispute in the action is "referable to arbitration under an agreement in writing for arbitration." Plaintiffs responded that the arbitration provision was not applicable to them. The trial court denied the motion for a stay of proceedings without giving any reasons.

**{¶3}** On appeal,[1] defendants and plaintiffs argued the merits of the trial court's decision to deny the stay. Rather than ruling on the merits, the court of appeals determined that the trial court's order was procedurally flawed because the trial court had neglected to hold an R.C. 2711.03 hearing. R.C. 2711.03 allows a party that claims to be aggrieved by another party's alleged failure to comply with an arbitration agreement to petition a court of common pleas "for an order directing that the arbitration proceed" and states that the court "shall hear the parties." R.C. 2711.03(A). The court of appeals found that R.C. 2711.02 and 2711.03 are not mutually exclusive but that the two statutes must be construed in pari materia, so that a court cannot deny an R.C. 2711.02 motion for a stay unless it follows the procedures of R.C. 2711.03. The court of appeals therefore reversed the judgment of the trial court and remanded for further proceedings in conformity with R.C. 2711.03.

---

[1] As relevant to this appeal, R.C. 2711.02(C) provides that "an order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶4} This case comes to us by way of a certified conflict on the following issue, as stated by the court of appeals: "Should R.C. 2711.02 and R.C. 2711.03 be read in pari materia and require the court to conduct a hearing to determine whether the parties here entered into a valid and enforceable arbitration agreement or are these distinct statutes as determined [by the Fourth District Court of Appeals] in *Brumm v. McDonald & Co. Securities, Inc.* (1992), 78 Ohio App.3d 96 [603 N.E.2d 1141], holding that R.C. 2711.02 does not require the court to conduct such a hearing?" The cause is now before this court upon our finding that a conflict exists.

II

{¶5} This appeal raises a single narrow issue: Must a trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 hold a hearing under R.C. 2711.03 when the motion does not involve R.C. 2711.03?

{¶6} R.C. 2711.02(B) provides:

{¶7} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

{¶8} R.C. 2711.03 provides[2]:

{¶9} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of

common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

{¶10} "(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue."

{¶11} Although defendants have been designated as "appellants/cross-appellees" and plaintiffs have been designated as "appellees/cross-appellants," and the parties strongly disagree on whether the trial court should have denied the motion for a stay, the parties are in complete agreement that the court of appeals erred in applying R.C. 2711.03's procedural requirements to defendants' R.C. 2711.02 motion for a stay. This case thus presents the rare situation in which both parties to an appeal seek reversal of a judgment on the same issue.

{¶12} Defendants' motion was premised on R.C. 2711.02 and Section 3 of the Federal Arbitration Act, a comparable provision with similar wording. Defendants' motion was not premised on R.C. 2711.03 or on its federal counterpart, Section 4 of the Federal Arbitration Act (Section 4, Title 9, U.S.Code). The parties agree that neither party requested a hearing, that the matter was ripe for the trial court's determination whether a stay was warranted under R.C. 2711.02 on the briefing and filed evidence, and that neither party was prejudiced by the failure to hold a hearing. Nevertheless, the court of appeals found the failure to hold a hearing to be reversible error.

---

[2] The current version of the statute, which became effective two months before the denial of the motion for a stay, is quoted. The quoted portion is substantively the same as the prior version. See

**{¶13}** In *Brumm*, 78 Ohio App.3d 96, 603 N.E.2d 1141, the trial court granted a motion to stay proceedings pending arbitration pursuant to R.C. 2711.02, and the matter proceeded to arbitration. The arbitration panel awarded the appellant an amount of damages far below what she sought, the trial court overruled her motion to vacate the award, and appellant appealed to the Fourth District Court of Appeals. Id. at 98-99, 603 N.E.2d 1141. Appellant contended on appeal that the trial court had erred by failing to hold a hearing pursuant to R.C. 2711.03 before it issued the stay under R.C. 2711.02.

**{¶14}** The court of appeals in *Brumm* held that the procedural requirements of R.C. 2711.03 do not apply to an R.C. 2711.02 motion for a stay. The court reasoned: "Appellant's argument fails to distinguish between the different arbitration enforcement mechanisms provided for in R.C. Chapter 2711. The Ohio Arbitration Act allows for either direct enforcement of such agreements through an order to compel arbitration under R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02. * * * These are separate and distinct procedures.

**{¶15}** "By its terms, R.C. 2711.03 applies where there has been a petition for an order to compel the parties to proceed to arbitration. [Appellee] did not seek, and the trial court did not grant, any such relief below. Rather, [appellee] sought merely a stay of proceedings, which is guided by * * * R.C. 2711.02 * * *." Id. at 100, 603 N.E.2d 1141.

**{¶16}** Similarly, in *Wishnosky v. Star-Lite Bldg. & Dev. Co.* (Sept. 7, 2000), Cuyahoga App. No. 77245, 2000 WL 1281830, decided by a different panel of judges of the Eighth District than the panel that decided the case sub judice, the court found that R.C. 2711.02 "does not obligate the court to conduct a hearing on the issue. The terms of the statute require only that the court be

---

1967 Am.S.B. No. 33, 132 Ohio Laws, Part I, 944.

satisfied that the dispute is referable to arbitration under the agreement." The *Wishnosky* court accepted the distinction drawn in *Brumm* between direct enforcement of an arbitration provision through an order to compel arbitration under R.C. 2711.03 and indirect enforcement through an order to stay proceedings under R.C. 2711.02. Because the motion under review was made pursuant to R.C. 2711.02, and not pursuant to R.C. 2711.03, the *Wishnosky* court found no error in the trial court's failure to hold a hearing.

{¶17} We agree with the reasoning adopted in *Brumm* and *Wishnosky*. Even though R.C. 2711.02 and 2711.03 both require a trial court to determine ultimately whether an arbitration provision is enforceable (and to be "satisfied" that the relief sought is appropriate before issuing the order), the statutes are separate and distinct provisions and serve different purposes. For that reason, there is no need to read the two statutes in pari materia.

{¶18} A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes. If, however, the party moves for a stay pursuant to R.C. 2711.02 without also petitioning under R.C. 2711.03, the trial judge's consideration is guided solely by R.C. 2711.02 without reference to R.C. 2711.03. Consequently, in that situation it is not necessary for a trial court to comply with the procedural requirements of R.C. 2711.03, since only R.C. 2711.02 is involved.

{¶19} We hold that a trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03. While it is within a trial court's discretion to hold a hearing when considering whether a R.C. 2711.02 stay is warranted, that statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into the statute.

6

**{¶20}** The law is the same under the federal statute. Federal courts have found that the procedural requirements of Section 4 of the Federal Arbitration Act (a statute very similar to R.C. 2711.03) do not apply to a motion to stay litigation brought under Section 3 of the Federal Arbitration Act (which closely resembles R.C. 2711.02). See, e.g., *Tepper Realty Co. v. Mosaic Tile Co.* (S.D.N.Y.1966), 259 F.Supp. 688, 692 (because different types of relief are being sought, different equitable considerations apply to a motion to stay an action under Section 3 of the Federal Arbitration Act and a proceeding to compel arbitration under Section 4). See, also, *Midwest Mechanical Contrs., Inc. v. Commonwealth Constr. Co.* (C.A.5, 1986), 801 F.2d 748, 751 (a motion to stay litigation under Section 3 and a petition to compel arbitration under Section 4 of the act serve separate purposes).

**{¶21}** For all of the foregoing reasons, the trial court did not err by not holding a hearing pursuant to R.C. 2711.03 before ruling on the motion for stay, which was premised on R.C. 2711.02 and not on R.C. 2711.03. The judgment of the court of appeals is reversed, and the cause is remanded to that court for a consideration of the merits of the appeal.

Judgment reversed<br>and cause remanded.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and WHITMORE, JJ., concur.

BETH WHITMORE, J., of the Ninth Appellate District, sitting for O'DONNELL, J.

———————————

Dworken & Bernstein and Patrick J. Perotti; and Brian Ruschel, for appellees and cross-appellants.

Vorys, Sater, Seymour & Pease, L.L.P., Anthony J. O'Malley and Bruce P. Batista; and Andrew I. Sutter, for appellants and cross-appellees.

_____