JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Joan Mader, appeals the trial court's judgment to dismissing her complaint because of "lack of jurisdiction over the subject matter of a contract which is subject to binding arbitration * * * *." We note that the dismissal entry was journalized in the record as a "dismissal without prejudice."
In a single assignment of error, Mader contends that the trial court erred in granting the defendants-appellees' motion to dismiss. The Ohio Supreme Court has stated, "Ohio and federal courts encourage arbitration to settle disputes."[1] The Ohio General Assembly also favors arbitration.[2]
"A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C.2711.03, or to seek orders under both statutes."[3] The record transmitted to this court shows that the defendants-appellees did file a motion to compel arbitration.[4] But the trial court, after concluding that there was a valid arbitration clause, erroneously dismissed the action for lack of subject-matter jurisdiction.[5]
Accordingly, we sustain Mader's single assignment of error.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Hildebrandt, JJ.
[1] ABM Farms, Inc. v. Woods, 81 Ohio St.3d 498, 500,1998-Ohio-612, 692 N.E.2d 574.
[2] See id.
[3] Maestle v. Best Buy Co., 100 Ohio St.3d 330,2003-Ohio-6465, 800 N.E.2d 7, at ¶ 18.
[4] See t.d. 21 (motion cites to both federal and Ohio statutory arbitration provisions).
[5] See Morris v. Vinray Gen. Contrs. (Jan. 7, 1998), 9th Dist. No. 18435 (dismissal for lack of subject-matter jurisdiction because of a valid arbitration clause reversible error).