{¶ 21} While I agree with the majority's decision to reverse and remand this case, I disagree with its order to proceed directly to arbitration. I would reverse and remand the case to the trial court for an evidentiary hearing on whether Appellant waived his right to arbitration.
 {¶ 22} Appellant filed his motion pursuant to R.C. Section 2711.02, which states, in pertinent part:
 {¶ 23} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay isnot in default in proceeding with arbitration." (Emphasis added).
 {¶ 24} The majority relies in large part upon the Ohio Supreme Court's decision in Maestle v. Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465. Therein, the Ohio Supreme Court addressed the singular issue of whether a trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 must hold a hearing under R.C. 2711.03 when the motion does not involve R.C. 2711.03. InMaestle, prospective class representatives in a lawsuit against Best Buy Company alleged they were improperly assessed certain finance and interest charges on Best Buy credit cards issued by Bank One. Best Buy argued the plaintiffs *Page 9 
were required to arbitrate the dispute under a change-in-terms provision regarding the credit cards; therefore, moved for a stay of proceedings.
 {¶ 25} The Court held:
 {¶ 26} "A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes. If, however, the party moves for a stay pursuant to R.C. 2711.02 without also petitioning under R.C. 2711.03, the trial judge's consideration is guided solely by R.C. 2711.02 without reference to R.C. 2711.03. Consequently, in that situation it is not necessary for a trial court to comply with the procedural requirements of R.C. 2711.03, since only R.C. 2711.02 is involved.
 {¶ 27} "We hold that a trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02
need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03. While it is within a trial court's discretion to hold a hearing when considering whether a R.C. 2711.02 stay is warranted, that statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into the statute."
 {¶ 28} Unlike the issue presented in Maestle, in the case sub judice, Appellees allege Appellant waived his right to enforce the arbitration provision by not responding to their two certified letters demanding arbitration be scheduled. Accordingly, pursuant to R.C. 2711.02 set forth above, the applicant for the stay (Appellant) may, in fact, be in default in proceeding with arbitration. I find this allegation distinguishes this case from Maestle. However, upon review, I, as does the majority, find the record devoid of any *Page 10 
properly authenticated evidence demonstrating the alleged waiver of his right to arbitrate. Appellees did not attach the certified letters or any other evidence to their memorandum in opposition to Appellant's motion to dismiss or stay proceedings pending arbitration. Accordingly, there is no direct evidence in the record of the alleged waiver, apart from Appellees' bare allegations in their memorandum. Via Judgment Entry of March 21, 2007, the trial court denied Appellant's motion to dismiss or stay proceedings, without conducting a hearing relative thereto. I find Appellant did not have a sufficient opportunity to be heard on the issue of his purported waiver of arbitration and the trial court's finding of waiver was premature pending presentation of evidence on this issue.
 {¶ 29} Based upon the above, I would reverse the trial court's March 21, 2007 Judgment Entry and remand the matter for an evidentiary hearing on the issue of whether Appellant waived his right to arbitration under the terms of the contract. *Page 1