DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, David Blubaugh, appeals from the judgment of the Summit County Court of Common Pleas, which granted appellees Fred Martin Motors Inc., Steven Kapelka and Brett Smith's motion to dismiss and/or enforce an arbitration agreement. This Court reverses and remands.
 I. {¶ 2} Mr. Blubaugh worked for Fred Martin Motors Inc. ("Fred Martin") as a finance and insurance manager from November 2, 2004 to October 6, 2006. On December 18, 2006, Mr. Blubaugh filed a complaint in the Summit County Court of Common Pleas, in which he alleged seven claims sounding in wrongful *Page 2 
discharge in violation of R.C. 4112.02, wrongful termination in violation of public policy, and violations of the Family and Medical Leave Act. Appellees answered, denying the allegations.
 {¶ 3} On May 1, 2007, appellees filed a motion to dismiss and/or enforce an arbitration agreement. Appellees invoked the provisions of R.C. Chapter 2711. They argued that Mr. Blubaugh waived his right to a jury trial and consented to the resolution of all claims arising out of or in any way related to his employee relationship with Fred Martin through binding arbitration based on Blubaugh's having signed a "JURY WAIVER AND AGREEMENT TO BINDING ARBITRATION" at the time of his hiring. On June 4, 2007, Mr. Blubaugh filed a response in opposition to appellees' motion. He argued that the agreement to arbitrate was unconscionable and non-compliant with the requirements of contractual law. On June 7, 2007, the trial court granted the motion, finding that "the issues involved in the action are referable to arbitration under an agreement in writing for arbitration." The trial court further stayed the action pending arbitration.
 {¶ 4} Mr. Blubaugh timely appeals, raising two assignments of error, which this Court consolidates for purposes of review.
 II. *Page 3 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN SUSTAINING APPELLEES' MOTION TO STAY AND A MOTION TO REFER THE CASE TO ARBITRATION BECAUSE THE CONTRACTUAL PROVISION CONCERNING ARBITRATION IS UNCONSCIONABLE AND DOES NOT COMPLY WITH THE FIRM EDICTS OF THE LAW."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN SUSTAINING THE MOTION TO DISMISS AND/OR MOTION TO REFER TO ARBITRATION BECAUSE THE DOCUMENT IN QUESTION DOES NOT CONTAIN LANGUAGE THAT COMPLIES WITH THE REQUIREMENTS OF CONTRACTUAL LAW."
 {¶ 5} Mr. Blubaugh argues that the trial court erred by granting appellees' motion to enforce the arbitration agreement. Blubaugh asserts that the trial court has a legal obligation to review such types of agreements to determine whether they are enforceable or whether they are unconscionable. He asserts that the trial court failed to do so. This Court agrees.
 {¶ 6} R.C. Chapter 2711 authorizes the enforcement of arbitration agreements by way of an order directing arbitration pursuant to R.C.2711.03. R.C. 2711.03(A) expressly provides:
 "The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement."
 {¶ 7} The Ohio Supreme Court distinguished between the procedural requirements of R.C. 2711.03, requesting the enforcement of an arbitration *Page 4 
agreement, and those of R.C. 2711.02, addressing a request for a stay pending arbitration. The Supreme Court held that a "trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03." Maestle v.Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, at syllabus.
 {¶ 8} In reliance on Maestle, this Court reasoned:
"It follows, that, pursuant to the plain language of R.C. 2711.03, a trial court is explicitly required to hold a hearing on a motion to compel arbitration. A hearing is especially necessary when the parties contest the scope of the arbitration clause." Boggs Custom Homes, Inc.v. Rehor, 9th Dist. No. 22211, 2005-Ohio-1129, at ¶ 16.
 {¶ 9} Here, appellees expressly requested an order to enforce the arbitration agreement, not merely a stay so that arbitration might proceed. In addition, Blubaugh challenged the scope and viability of the arbitration agreement. Accordingly, the trial court was obligated to hold a hearing before ruling on the motion.
 {¶ 10} A review of the record gives no indication that the trial court held any sort of hearing on the motion to enforce the arbitration agreement. "To the extent that the court ordered the parties to proceed to arbitration, the court was first required to hold a hearing on the motion." Rehor at ¶ 17, citing Maestle at ¶ 19. *Page 5 
 {¶ 11} Accordingly, this Court sustains Mr. Blubaugh's assignments of error solely on this basis, and remands the case to the trial court so that it may hold a hearing on the issues of the conscionability and viability of the arbitration agreement, i.e., the arbitrability of Blubaugh's claims, and to modify its judgment accordingly. Therefore, this Court declines to address the merits of Mr. Blubaugh's arguments at this time. See Rehor at ¶ 18.
 III. {¶ 12} Mr. Blubaugh's two assignments of error are sustained insofar as the trial court failed to hold a hearing on the motion to enforce the arbitration agreement. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and caused remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 6 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
 MOORE, J. DICKINSON, J. CONCUR. *Page 1