DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellants, Superior Energy Systems, Ltd., Philip J. Lombardo, William J. Young, Derek Rimko, and Donald Fernald (collectively "Superior Energy") appeal a judgment of the Lorain County Court of Common Pleas that denied their request to compel arbitration. We reverse.
 {¶ 2} On February 26, 2008, Appellee, Dale E. Krakora, filed an action against Superior Energy that sought a judgment declaring his membership rights and interests under Superior Energy's 2002 operating agreement. Mr. Krakora also alleged claims for breach of contract, economic duress, breach of fiduciary duty, fraud, civil conspiracy, conversion, unjust enrichment, breach of a covenant of good faith and fair dealing, tortious interference with a business relationship, and intentional infliction of emotional distress. Superior Energy moved to stay proceedings in the trial court and to compel arbitration of Mr. Krakora's claims. Mr. Krakora opposed the motion, arguing that the subject matter of his claims fell outside the scope *Page 2 
of the arbitration clause in the 2002 operating agreement. He also argued that because Mr. Fernald was not a member of Superior Energy, his claims against Mr. Fernald could not be subject to the arbitration clause.
 {¶ 3} On May 7, 2008, Mr. Krakora filed a "Notice of Additional Authority in Opposition to Motion to Compel Arbitration and Stay Proceedings," to which he attached a one-page document that purported to be an amendment to the operating agreement by unilateral action of the majority unit holder in Superior Energy, Mr. Lombardo. The amendment eliminated the arbitration clause in the 2002 operating agreement and replaced it with a forum selection clause providing that "[a]ny disputes between the parties to this agreement or between a member or former member of the Company and the Company shall be resolved in the courts in Lorain County, Ohio." On June 6, 2008, the trial court denied Superior Energy's motion to compel arbitration. Superior Energy timely appealed.
 ASSIGNMENT OF ERROR "The trial court erred in denying Defendants' motions to compel arbitration of claims asserted by a member of a limited liability corporation arising under the corporation's operating agreement, which at the time of the alleged conduct giving rise to Plaintiff's claims, provided for arbitration of disputes among its members."
 {¶ 4} Superior Energy's assignment of error is that the trial court erred by refusing to compel arbitration because Mr. Krakora's claims are based on events that occurred before the unilateral amendment of the operating agreement in 2008. We agree that the trial court erred in denying Superior Energy's motion, but for a different reason.
 {¶ 5} An arbitration agreement may be enforced through an order directing parties to proceed to arbitration, pursuant to R.C. 2711.03; a stay of trial court proceedings pending arbitration, pursuant to R.C. 2711.02; or both. See Maestle v. Best Buy Co., 100 Ohio St.3d 330, *Page 3 2003-Ohio-6465, at ¶ 14, citing Brumm v. McDonald Co. Securities,Inc. (1992), 78 Ohio App.3d 96, 100. When a motion is filed under R.C. 2711.03, alone or in combination with a motion to stay the proceedings, the trial court must conduct a hearing. Boggs Custom Homes, Inc. v.Rehor, 9th Dist. No. 22211, 2005-Ohio-1129, at ¶ 16-17, citingMaestle at ¶ 19. See, also, Blubaugh v. Fred Martin Motors, Inc., 9th Dist. No. 23793, 2008-Ohio-779, at ¶ 8-10. When the record indicates that the trial court did not conduct a hearing, this Court will reverse without addressing the merits of the trial court's decision. See, e.g.,Blubaugh at ¶ 10; Boggs at ¶ 17.
 {¶ 6} Both parties to this appeal resorted to evidence that was not contained in the record to argue their respective positions on appeal. This is perhaps a consequence of the fact that, although a hearing is required by R.C. 2711.03, the trial court failed to proceed accordingly. Superior Electric's assignment of error is sustained solely on this basis, without addressing the merits of the trial court's determination, and this matter is remanded to the trial court so that it may hold a hearing.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 4 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 CARR, J., DICKINSON, P. J. CONCUR. *Page 1