[Cite as *Biondi v. Oregon Homes, L.L.C.*, 2012-Ohio-1714.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JOHN X. BIONDI, MD, et al. | | C.A. No. 25875 |
| Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| OREGON HOMES, LLC | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV 2010-11-7618 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2012

MOORE, Presiding Judge.

{¶1}   Appellant, Oregon Homes, LLC, appeals from the order of the Summit County Court of Common Pleas denying its motion to compel arbitration. We reverse and remand for further proceedings.

I.

{¶2}   John X. Biondi, Thomas F. Bear, MD, Sandra V. Hazra, MD, and Lawrence M. Saltis, MD (collectively "Appellees") are each 5% members of Oregon Homes, LLC. They entered into an operating agreement with respect to Oregon Homes on July 7, 2006. Subsequently, Oregon Homes executed promissory notes in favor of First Merit Bank, N.A. Appellees executed guaranties on the notes guaranteeing payment to First Merit of all sums due from Oregon Homes pursuant to the notes. Later when Oregon Homes failed to pay amounts due to First Merit, Appellees were required to pay in accordance with their respective guaranties.

{¶3}    On November 12, 2010, Appellees filed suit pursuant to R.C. 1303.59 seeking reimbursement from Oregon Homes for the monies paid.  On January 10, 2011, Oregon Homes filed a motion to compel arbitration pursuant to the operating agreement.  On January 28, 2011, Appellees filed a memorandum in opposition to the motion to compel.  On March 3, 2011, the trial court denied Oregon Homes' motion to compel arbitration.

{¶4}    Oregon Homes timely filed a notice of appeal.  It raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED ERROR BY THE DENIAL OF THE MOTION TO COMPEL ARBITRATION.

{¶5}    In its sole assignment of error, Oregon Homes argues that the trial court erred in denying its motion to compel arbitration because Appellees' claims are within the scope of the arbitration clause from the operating agreement.  We agree that the trial court erred in denying Oregon Homes' motion, but for a different reason.

{¶6}    "'The Ohio Arbitration Act allows for either direct enforcement of [arbitration] agreements through an order to compel arbitration under R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02.'"  *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, ¶ 14, quoting *Brumm v. McDonald & Co. Securities, Inc.*, 78 Ohio App.3d 96, 100 (4th Dist.1992).  If a party moves to compel arbitration pursuant to R.C. 2711.03(A), "[t]he court *shall hear the parties*, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court *shall* make an order directing the parties to proceed to arbitration in accordance with the agreement." (Emphasis added.)  "By its terms, R.C. 2711.03 requires a hearing on the motion to

compel." *Chase Home Fin. v. McDowell*, 9th Dist. No. 24889, 2010-Ohio-633, ¶ 9, citing *Boggs Custom Homes, Inc. v. Rehor*, 9th Dist. No. 23793, 2008-Ohio-779, ¶ 16-17. This Court has held that "[w]hen the record indicates that the trial court did not conduct a hearing, this Court will reverse without addressing the merits of the trial court's decision." *Krakora v. Superior Energy Sys.*, 9th Dist. No. 08CA009423, 2009-Ohio-401, ¶ 5, citing *Blubaugh v. Fred Martin Motors, Inc.*, 9th Dist. No. 22211, 2005-Ohio-1129, ¶ 8-10; *Boggs* at ¶ 17. *See also Chase Home* at ¶ 10.

{¶7} Here, Oregon Homes filed a motion to compel arbitration pursuant to R.C. 2711.03. There is nothing in the record to indicate that the trial court held a hearing on the motion. While the docket indicates the scheduling of a pretrial/status conference for March 1, 2011, the notation beside it indicates that no attorney is required. The docket reveals no notice of hearing or date scheduled for a hearing below. Likewise, no transcript of hearing was filed as part of the record for review. Having found error in the trial court's failure to conduct a hearing as required by R.C. 2711.03, we sustain Oregon Homes' assignment of error solely on this basis, and remand the matter to the trial court so that it may conduct the required hearing. *Krakora* at ¶ 6; *Chase Home* at ¶ 10.

III.

{¶8} The judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, J.
CONCURS.

DICKINSON, J.
DISSENTING.

{¶9} This Court has a series of cases, including at least one in which I concurred, incorrectly treating the failure of a trial court to hold a hearing on a motion to compel arbitration as jurisdictional. *See, e.g., Chase Home Fin. v. McDowell*, 9th Dist. No. 24899, 2010-Ohio-633. It is not, and, when, as in this case, an appellant has not suggested that the trial court erred by failing to hold a hearing, we should not reverse based upon that failure. And to be clear, the appellant in this case has not suggested that

the trial court erred by not holding a hearing.  Agreeing with Abraham Lincoln "that it is better to be only sometimes right, than all times wrong," I would address the merits of whether the trial court correctly denied Oregon Homes' motion to compel arbitration. Letter from Abraham Lincoln to the People of Sangamo County (Mar. 9, 1832), *in* Abraham Lincoln, Speeches and Writings 1832–1858, at 4-5 (1989).  Failure to do so only serves to delay the ultimate resolution of this matter and increases the expense for the parties.

APPEARANCES:

SCOTT A. WINCKOWSKI, Attorney at Law, for Appellant.

THOMAS M. SAXER, Attorney at Law, for Appellees.