[Cite as *Winters Law Firm, L.L.C. v. Caryn Groedel & Assoc.*, 2013-Ohio-169.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98665**

---

# WINTERS LAW FIRM, L.L.C.

PLAINTIFF-APPELLANT

vs.

# CARYN GROEDEL & ASSOCIATES, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-775860

**BEFORE:** Jones, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 24, 2013

**ATTORNEY FOR APPELLANT**

Joseph F. Scott
17410 Dorchester Drive
Cleveland, Ohio 44119


**ATTORNEYS FOR APPELLEES**

Matthew M. Ries
Chastity L. Christy
Caryn Groedel & Associates
31340 Solon Road
Suite 27
Solon, Ohio 44139

LARRY A. JONES, SR., J.:

**{¶1}** Plaintiff-appellant, Winters Law Firm, L.L.C., appeals from the trial court's June 22, 2012 judgment, wherein it denied appellant's requests to proceed to arbitration. The judgment further ordered that the case be mediated before any further requests for arbitration would be considered, and that the parties complete discovery prior to the mediation. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings.

## I. Procedural History

**{¶2}** In February 2012, appellant filed a "complaint to compel arbitration/complaint for tortious interference." Appellant amended the complaint in June 2012. The amended complaint, also titled "complaint to compel arbitration/complaint for tortious interference" alleged that the parties entered into a "co-counseling agreement"; it set forth a breach of contract claim against defendant-appellee, Caryn Groedel & Associates, and a tortious interference with business relationships claim against defendant-appellee, Caryn Groedel.

**{¶3}** The complaint further alleged that, under the agreement, "the Parties agreed to attempt to resolve any dispute under the Agreement by informal resolution; and if that failed to resolve the dispute by meeting with a neutral third party; and if that failed, through binding arbitration." Amended Complaint, ¶ 7. The complaint alleged that disputes had arisen, and that appellant has met the "conditions precedent to invoke the

arbitration agreement." *Id.* at ¶ 10.

{¶4} The appellees answered the amended complaint; they also, in response to the original complaint, filed counterclaims for breach of contract, frivolous conduct, and breach of lease agreement; the appellees also added a new-party defendant, Ryan Winters.

{¶5} In June 2012, appellant filed a motion for an "order to proceed to arbitration and to appoint a neutral arbitrator." Appellees opposed the motion on the grounds that (1) local and/or state bar associations retain exclusive jurisdiction over the appellees' breach of contract alleged by them as a counterclaim, (2) appellant's tortious interference with a business relationship claim was not subject to arbitration because it was unrelated to the parties' agreement, and (3) appellees' breach of lease agreement claim alleged in their counterclaim was also unrelated to the parties' agreement.

{¶6} The trial court ordered that the disputes first be mediated. Appellant assigns two errors for our review:

> [I.] The trial court erred by failing to determine whether all or part of the dispute is subject to arbitration, and staying all proceedings pending arbitration, pursuant to O.R.C. § 2711.02.
>
> [II.] The trial court erred by denying Winters Law, LLC's motion to compel arbitration without conducting a hearing, pursuant to O.R.C. § 2711.03.

II.   Law and Analysis

{¶7} Appellant cites R.C. 2711.02 and 2711.03 in support of its assignments of errors. Those sections govern staying trial proceedings pending arbitration and enforcing

arbitration agreements, respectively. If a party moves to stay proceedings under R.C. 2711.02, the court shall order a stay only upon being "satisfied" that the issues should be submitted to arbitration. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 334, 2003-Ohio-6465, 800 N.E.2d 7. If a party moves for a court to compel arbitration under R.C. 2711.03, the court

> shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

*Chase Home Fin. v. McDowell*, 9th Dist. No. 24889, 2010-Ohio-633, ¶ 9, quoting R.C. 2711.03. Thus, although a hearing for a motion made under R.C. 2711.02 is not required, a motion made under R.C. 2711.03 does require a hearing. *McCaskey v. Sanford-Brown College*, 8th Dist. No. 97261, 2012-Ohio-1543, ¶ 12.

{¶8} Appellant's request for arbitration, made both in its amended complaint and motion for an "order to proceed to arbitration and to appoint a neutral arbitrator," were made under R.C. 2711.03. But no hearing was had on the appellant's request for arbitration. On this record, we find that a hearing to determine what is subject to arbitration should have been held. We therefore reverse the trial court's judgment and remand so that the trial court can conduct such a hearing.

{¶9} Reversed and remanded.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga

County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR