[Cite as *Kelsey v. Carrington Homes, Inc.*, 2017-Ohio-4111.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

THOMAS KELSEY, et al.

    Appellants

    v.

CARRINGTON HOMES, INC., et al.

    Appellees

C.A. No.    16CA0066-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16CIV0314

DECISION AND JOURNAL ENTRY

Dated: June 5, 2017

CALLAHAN, Judge.

{¶1} Appellants, Thomas and Patricia Kelsey ("the Kelseys"), appeal the judgment entered in favor of Appellees, Carrington Homes, Inc. and Douglas Krause (collectively "Carrington"), in the Medina County Court of Common Pleas. For the reasons set forth below, this Court reverses.

I.

{¶2} The Kelseys entered into a Home Construction Agreement ("Agreement") with Carrington to construct an addition to their home. The Agreement contained an arbitration clause that stated "a dispute [which] arises under this Agreement or under any document regarding the construction of the Home * * * shall be subject to and decided by arbitration * * *."

{¶3} Due to perceived defects in the construction work, the Kelseys terminated the Agreement and filed a complaint alleging breach of contract, violation of the Home Construction

Service Supplier's Act, negligence, fraud, and declaratory judgment regarding the arbitration provision. Based on the arbitration provision in the Agreement, Carrington filed a motion to stay the proceedings and compel arbitration. At the close of the briefing and without a hearing, the trial court granted Carrington's motion to stay the proceedings and to compel arbitration.

{¶4} The Kelseys timely appeal, raising five assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED BY FAILING TO CONDUCT A HEARING OR OTHERWISE ALLOW APPELLANTS TO BE HEARD ON APPELLEE[S'] MOTION TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION.

{¶5} In their first assignment of error, the Kelseys argue the trial court erred by not conducting a hearing pursuant to R.C. 2711.03 and by not permitting them to file a sur-reply. This Court agrees the trial court erred by failing to conduct a hearing on the motion to compel arbitration and does not address the second portion of the Kelseys' first assignment of error.

{¶6} "Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02." *Boggs Custom Homes, Inc. v. Rehor,* 9th Dist. Summit No. 22211, 2005-Ohio-1129, ¶ 15, citing *Maestle v. Best Buy Co.,* 100 Ohio St.3d 330, 2003-Ohio-6465, ¶ 14. While Carrington only cited R.C. 2711.01 and 2711.02 in support of its motion, it specifically requested relief in the form of a stay of the proceeding and an order compelling arbitration, both in its motion and in its reply brief. Accordingly, Carrington sought relief pursuant to R.C. 2711.02 and 2711.03.

{¶7} The Ohio Supreme Court has held a trial court is not required to conduct a hearing prior to disposing of a motion to stay the proceedings pending arbitration. *Maestle* at ¶ 19; R.C.

2711.02. While the *Maestle* decision did not address the hearing requirement in the context of a motion to compel arbitration, this Court has repeatedly held that the plain language of R.C. 2711.03 explicitly requires the trial court to hold a hearing prior to ruling on a motion to compel arbitration. *See Maestle* at ¶ 19; *Matheny v. Norton*, 9th Dist. Summit No. 26166, 2012-Ohio-2283, ¶ 8; *Biondi v. Oregon Homes, LLC*, 9th Dist. Summit No. 25875, 2012-Ohio-1714, ¶ 6; *Chase Home Fin., LLC v. McDowell*, 9th Dist. Summit No. 24889, 2010-Ohio-633, ¶ 9; *Krakora v. Superior Energy Sys.*, 9th Dist. Lorain No. 08CA009423, 2009-Ohio-401, ¶ 5; *Blubaugh v. Fred Martin Motors Inc.*, 9th Dist. Summit No. 23793, 2008-Ohio-779, ¶ 8-9; *Brunke v. Ohio State Home Servs., Inc.*, 9th Dist. Lorain No. 06CA008947, 2007-Ohio-3119, ¶ 16; *Boggs Custom Homes* at ¶ 16. The hearing requirement also applies when a motion requests both a stay of the proceedings and an order compelling arbitration. *See Boggs Custom Homes* at ¶ 16-17, citing *Maestle* at ¶ 19. This Court has further held that "[w]hen the record indicates that the trial court did not conduct a hearing, this Court will reverse without addressing the merits of the trial court's decision." (Internal quotations and citations omitted.) *Biondi* at ¶ 6.

{¶8}    In this case, Carrington filed a motion to stay the proceedings and to compel arbitration. However, the record is silent as to any hearing being held on Carrington's motion. *See Boggs Custom Homes* at ¶ 16-17, citing *Maestle* at ¶ 19. Accordingly, this Court sustains the Kelseys' first assignment of error solely as it pertains to the failure to hold a hearing and remands the case to the trial court to conduct the required hearing.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE A DETERMINATION OF THE VALIDITY OF THE ARBITRATION CLAUSE IN THIS CASE AS REQUIRED BY R.C. §2711.03(B) BEFORE GRANTING APPELLEE[S'] MOTION TO COMPEL ARBITRATION.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRED BY FAILING TO IMPANEL A JURY UNDER R.C. §2711.03(B) TO DETERMINE THE VALIDITY OF THE ARBITRATION CLAUSE AT ISSUE IN THIS CASE.

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE RULES AND PROCEDURES REFERRED TO IN THE ARBITRATION CLAUSE DO NOT EXIST, THEREBY INVALIDATING THE CLAUSE.

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE ARBITRATION CLAUSE AT ISSUE IN THIS CASE IS SUBSTANTIVELY AND PROCEDURALLY UNCONSCIONABLE.

**{¶9}** In their remaining assignments of error, the Kelseys argue the trial court erred in various ways when granting Carrington's motion to stay the proceedings and to compel arbitration. Based on this Court's resolution of the first assignment of error, this Court declines to address the Kelseys' second, third, fourth, and fifth assignments of error as they have been rendered moot. *See Matheny* at ¶ 8, quoting *Bondi* at ¶ 6; *see* App.R. 12(A)(1)(c).

III.

**{¶10}** The Kelseys' first assignment of error is sustained insofar as the trial court failed to hold a hearing. This Court declines to address the Kelseys' second, third, fourth, and fifth assignments of error as they have been rendered moot. The judgment of the Medina County Court of Common Pleas is reversed and the cause is remanded for a hearing on the motion to stay the proceedings and to compel arbitration.

Judgment reversed
and cause remanded.

———

5

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

BRIAN K. SKIDMORE, Attorney at Law, for Appellants.

MARYANN C. CHANDLER and WILLIAM J. MUNIAK, Attorneys at Law, for Appellees.