[Cite as *Moss v. Marshall Builders, Inc.*, 2019-Ohio-97.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JEFFREY MOSS, et al. | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiffs-Appellees | Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018 CA 00038 |
| MARSHALL BUILDERS, INC., et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                            Pleas, Case No.  2017 CV 01931


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     January 14, 2019


APPEARANCES:

For Plaintiff-Appellees                 For Defendant-Appellants

JASON N. BING                           DAVID P. BERTSCH
TODD B. KOTLER                          STARK & KNOLL CO., LPA
GRUBER, THOMAS & CO.                    3475 Ridgewood Road
6370 Mt. Pleasant Street, NW            Akron, Ohio  44333
North Canton, Ohio  44720-0985

*Wise, John, P. J.*

**{¶1}** Appellants Marshall Builders, Marshall Custom Homes, LLC and Matthew Marshall appeal the March 5, 2018, decision of the Stark County Common Pleas Court's decision denying their motion to stay proceedings and compel arbitration.

**{¶2}** Appellees in this matter are Jeffrey M. Moss and Julie Moss.

<u>STATEMENT OF THE FACTS</u>

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On or about November 16, 2016, Appellees Jeffrey M. Moss and Julie Moss entered into an Agreement including a Construction Contract and Specifications with Appellants, Marshall Builders, Inc., Marshall Custom Homes, LLC and Matthew Marshall for the construction of a single family home located at 9201 Beeson Street NE, Alliance, Ohio 44601.

**{¶5}** Section 12 of the Agreement prepared by Marshall Builders contains a provision labeled "Arbitration" which provides:

12. ARBITRATION: In the event that any dispute arises between Contractor and Owner as to the meaning or interpretations of any provisions of this Agreement and the Exhibits attached or if any dispute arises as to the proper performance of any part of the work in building the residence and Contractor and Owner are unable between themselves to resolve such disputes, it is mutually agreed that Contractor and Owner will submit said disputes for arbitration. Such arbitration shall consist of three arbitrators, which shall be selected as follows: (1) Owner to select a competent residential builder, (2) Contractor to select a competent

residential builder and (3) the two aforementioned builders shall select a third competent residential builder. Each party shall pay the expense of the arbitrator they selected and shall equally share the expense of the third. Each arbitrator/builder shall have minimum experience often *[sic]* (10) years in the residential construction field. If arbitration cannot be resolved within sixty (60) day period, said dispute shall he *[sic]* taken before a court of law.

**{¶6}** A dispute arose between the Mosses and the Marshall Parties regarding the construction of the home in the spring of 2017.

**{¶7}** On or about May 24, 2017, the Mosses' attorney at the time, David Weimer, sent a demand letter to the Marshall Parties regarding the various issues that had arisen during the construction of the home.

**{¶8}** On or about June 12, 2017, the Mosses sent the Marshall Parties an electronic mail correspondence demanding immediate arbitration/mediation pursuant to the Agreement. (Jeff Moss Affidavit at 13; Julie Moss Affidavit at 13).

**{¶9}** On or about June 19, 2017, Attorney Weimer sent another correspondence to the Marshall Parties by regular mail and electronic mail demanding that they resolve the issues with the home by June 23, 2017, or a lawsuit would be filed.

**{¶10}** On or about June 19, 2017, the Mosses received a correspondence from Attorney Weimer stating that "Matt Marshall just called me and said he was out of town last week and was going to Disney on Wednesday for 10 days, so he has limited time to get your situation resolved ... [Matt Marshall] concluded by saying go ahead and sue me. I don't care."

**{¶11}** The issues with the construction of the home could not be resolved and as a result, the Mosses filed their Complaint in the Stark County Common Pleas Court on September 25, 2017, more than sixty days after attempting to resolve the dispute through the arbitration/mediation process stated in the Agreement.

**{¶12}** On November 14, 2017, Matt Marshall, *pro se,* filed a Motion for Extension to File an Answer.

**{¶13}** On November 20, 2017, the trial court issued a Judgment Entry granting Matt Marshall individually an extension to file an answer but denying the entity defendants, Marshall Builders and Marshall Custom Homes, an extension as Matt Marshall was not an attorney licensed to practice law in Ohio and could not request an extension on behalf of the entity defendants.

**{¶14}** On November 22, 2017, the Mosses filed an Application for Default Judgment and for Hearing as to Damages against the entity defendants Marshall Builders and Marshall Custom Homes and on December 5, 2017, the Mosses filed an Amended Application for Default Judgment and for Hearing as to Damages against the entity defendants.

**{¶15}** On December 5, 2017, the trial court granted the Mosses' Amended Application for Default Judgment against the entity defendants Marshall Builders and Marshall Custom Homes.

**{¶16}** On December 15, 2017, Matt Marshall, individually, filed an Answer and Counterclaim against the Mosses.

**{¶17}** On January 11, 2018, the Mosses filed their Answer to Matt Marshall's Counterclaim.

{¶18} On December 26, 2017, the Marshall Parties filed "Defendants' Motion to Vacate Default Judgment against Marshall Builders, Inc. and Marshall Custom Homes, LLC and to Stay Action and refer Claims to Binding Arbitration with Memorandum in Support."

{¶19} The Mosses did not oppose the Marshall Parties' motion to vacate the default judgment and on January 19, 2018, the trial court vacated the default judgment against Marshall Builders and Marshall Custom Homes and set a briefing schedule on the "Motion to Stay Action and refer Claims to Binding Arbitration."

{¶20} On January 23, 2018, Marshall Builders and Marshall Custom Homes filed their Answer and Counterclaim against the Mosses.

{¶21} On February 6, 2018, the Mosses filed their Answer to the Counterclaim of Marshall Builders and Marshall Custom Homes. Upon a stipulated extension granted by the trial court, the Mosses filed their "Memorandum in Opposition to Defendants' Motion to Stay Proceeding Pending Arbitration" on February 2, 2018.

{¶22} On February 19, 2018, after receiving an extension of time from the trial court, the Marshall Parties filed their "Response Memorandum in Support of Motion to Stay Proceedings Pending Arbitration with Request for Evidentiary Hearing."

{¶23} On February 21, 2018, the Marshall Parties filed an Affidavit of Matthew Marshall.

{¶24} On February 22, 2018, the trial court issued an Order Setting Telephone Conference for March 2, 2018 to "discuss the pending motion to stay with regard to arbitration."

**{¶25}** On March 5, 2018, the trial court's "Judgment Entry Denying Defendants' Motion to Stay Pending Arbitration" was filed.

**{¶26}** It is from this decision Appellants now appeal, raising the following errors for review:

ASSIGNMENTS OF ERROR

**{¶27}** "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

**{¶28}** "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION WITHOUT PROVIDING ANY REASON OR EXPLANATION FOR ITS DECISION."

**I., II.**

**{¶29}** In each of its assignments of error, Appellants argue the trial court erred in denying their motion to Stay Action and Refer Claims to Binding Arbitration. We shall therefore discuss said assignments together.

*Jurisdiction*

**{¶30}** Initially we find we have appellate jurisdiction to proceed in this matter, even though a final judgment is not before us. As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *See Moscarello v. Moscarello,* 5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, quoting *Rice v. Lewis,* 4th Dist. Scioto No. 11CA3451, 2012–Ohio–2588, ¶ 14 (additional citations omitted). However, an order under R.C. §2711.02(B) that grants or denies a stay of a trial of an action pending arbitration is a final appealable order. *See*

R.C. 2711.02(C). Such a decision under R.C. §2711.02 remains a final appealable order even without the language of Civ.R. 54(B). *See*, *e.g.*, *Welsh v. Indiana Insurance Co.,* 5th Dist. Stark No. 2005–CA–00327, 2006–Ohio–6803, ¶ 15 (citations omitted). We will therefore proceed to the merits of the present appeal.

*Standard of Review*

**{¶31}** Generally, an appellate court reviews a trial court's stay of proceedings pending arbitration under R.C. 2711.02 under an abuse of discretion standard. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 159 Ohio App.3d 27, 30, 822 N.E.2d 841, 2004–Ohio–5953, citing *Pinette v. Wynn's Extended Care, Inc.,* Summit App. No. 21478, 2003–Ohio–4636, ¶ 5. However, the issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide; therefore, the standard of review on those issues is *de novo. Simmons v. Extendicare Health Servs., Inc.*, 5th Dist. Delaware No. 15 CAE 12 0095, 2016–Ohio– 4831, ¶ 13, citing *Church v. Fleishour Homes, Inc.,* 172 Ohio App.3d 205, 874 N.E.2d 795, 172 Ohio App.3d 205, ¶ 19 (5th Dist.2007).

*Analysis*

**{¶32}** Appellants first argue that the trial court should have held an evidentiary hearing on their motion to stay action and refer claims to binding arbitration.

**{¶33}** R.C. §2711.02(B) provides:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on

application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶34}** R.C. §2711.03 provides:

(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue.

**{¶35}** While a motion to compel arbitration requires a hearing according to R.C. §2711.03, one is not required for a motion to stay under R.C. §2711.02. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, ¶ 19; *Davis v. Beggs,* 10th Dist. No. 08AP-432, 2008-Ohio-6311, 2008 WL 5104808, ¶ 8; *Pyle* at ¶ 21.

**{¶36}** In *Maestle v. Best Buy Co.,* 100 Ohio St.3d 330, 2003-Ohio-6465, the Ohio Supreme Court reviewed to two statutes and what was required under each and found:

Even though R.C. 2711.02 and 2711.03 both require a trial court to determine ultimately whether an arbitration provision is enforceable (and to be "satisfied" that the relief sought is appropriate before issuing the order), the statutes are separate and distinct provisions and serve different purposes. For that reason, there is no need to read the two statutes in pari materia.

A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes. If, however, the party moves for a stay pursuant to R.C. 2711.02 without also petitioning under R.C. 2711.03, the trial judge's consideration is guided solely by R.C. 2711.02 without reference to R.C. 2711.03. Consequently, in that situation it is not necessary for a trial court to comply with the procedural requirements of R.C. 2711.03, since only R.C. 2711.02 is involved.

We hold that a trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03. While it is within a trial court's discretion to hold a hearing when considering whether a R.C. 2711.02 stay is warranted, that statute does not on its face require a hearing, and it is not appropriate to read an implicit requirement into the statute.

**{¶37}** Upon review, we find in this case that Appellants' motion was a motion to stay, pursuant to R.C. §2711.02, not a motion to compel pursuant to R.C. §2711.03, and therefore no evidentiary hearing was required.

**{¶38}** Appellant further argues that the trial court erred in denying their motion to stay without explanation.

**{¶39}** The trial court's Judgment Entry denying the motion to stay states that in making its decision, the trial court had before it Appellants' Motion to Stay, Appellees' Memorandum in Opposition, and Appellants' Response in Support of Motion to Stay and the Affidavit of Matthew Marshall. The Entry further states the trial court held a telephone conference with counsel for all parties participating. The trial court stated that it reached its decision "based upon discussion with counsel and upon review of the briefs filed."

**{¶40}** Upon review of those briefs filed before the trial court, we find that the trial court's decision to deny the motion to stay is supported by the arguments set forth in Appellees' brief wherein Appellees argued that the "arbitration" provision contained in the Agreement does not state that it is binding on the Appellees or that they were waiving their right to go to court or present their case to a jury. Rather, the "arbitration" clause provides the dispute "shall" be taken before a court of law if the issues cannot be resolved within sixty days. In *Schaefer v. Allstate Ins. Co.,* 63 Ohio St.3d 708, 590 N.E.2d 1242 (1992), the Ohio Supreme Court held that for a dispute resolution procedure to be classified as arbitration, the decision rendered must be final, binding and without any qualification or condition as to the finality of an award.

**{¶41}** Further, Appellees argued that Appellants waived the "arbitration" provision in the Agreement because Appellees attempted to comply with the "arbitration" provision

but same was rejected by Appellants who informed their attorney that they were unavailable and that Appellees could go ahead and sue them.

{¶42} "Like any other contractual right, * * * the right to arbitrate may be implicitly waived." *Donnell, supra,* at ¶ 20, quoting *Travelers Cas. & Sur. Co. v. Aeroquip–Vickers, Inc.,* 6th Dist. Lucas No. L-06-1201, 2007-Ohio-5305, 2007 WL 2874296, ¶ 34. "Whether the contractual right to arbitration has been waived is a mixed question of both factual issues and the weight to be given those facts under the applicable legal standard." *Donnell, supra,* quoting *Buyer v. Long*, 6th Dist. Fulton No. F-05-012, 2006-Ohio-472, 2006 WL 259605, ¶ 7. "[A]lthough questions of law may be reviewed de novo, the trial court's ultimate determination of whether the right to demand arbitration has been waived will be reviewed under an abuse of discretion standard." *Id.*

{¶43} Based on the foregoing arguments contained in Appellees' brief before the trial court, we cannot say the trial court abused its discretion in denying Appellants' Motion to Stay. Accordingly, Appellants' assignments of error are overruled.

{¶44} For the reasons stated in the foregoing opinion, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Wise, John, P. J.
Gwin, J., and
Wise, Earle, J., concur.


JWW/d 0104